Filed 5/28/24  In re G.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re G.M. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E082957 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ2100669) |
| v. | OPINION |
| ANGELA C., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mona M. Nemat, Judge.

Conditionally reversed and remanded with directions.

Lelah S. Forrey-Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Larisa Reithmeier-McKenna, Deputy County Counsel, Minh Tran, County Counsel for Plaintiff and Respondent.

1

Angela C. (Mother) appeals from the juvenile court's order terminating parental rights to three of her children. She argues that the court and the Riverside County Department of Public Social Services (DPSS) failed to comply with state law implementing the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). We conditionally reverse the order terminating parental rights and remand for further proceedings.

BACKGROUND

In October 2021, DPSS obtained protective custody warrants to remove N.M.-H., R.M.-H., and G.M. from their parents' custody. Two days later, DPSS filed a petition under Welfare and Institutions Code section 300. (Unlabeled statutory references are to the Welfare and Institutions Code.) DPSS attached ICWA-010 forms for each of the three children, indicating that DPSS had inquired of Mother and Father regarding their ancestry, and the inquiry gave no reason to believe that the children are or may be Indian children.[1]

In its detention report, DPSS recommended that the juvenile court detain the children and find that ICWA did not apply. Mother and Father were present at the detention hearing in November 2021, along with maternal great-aunt, maternal uncle, and a maternal cousin. The court stated that both Mother and Father had filed ICWA-020

---

[1]     "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1 (*Benjamin M.*).)

forms and that neither parent was aware of any Indian ancestry. The court found that ICWA did not apply and adopted DPSS's recommended findings and orders, including that DPSS had conducted a sufficient inquiry regarding whether the children may have Indian ancestry. The court detained the children as recommended. The court did not ask maternal great-aunt, maternal uncle, or maternal cousin whether they knew if the children were Indian children.

At the contested jurisdiction and disposition hearing, the court sustained the petition in part, adjudged the children dependents of the court, and found that ICWA did not apply. The court removed the children from parental custody and ordered reunification services for both parents.

At the contested six-month review hearing in June 2022, the court continued the parents' reunification services for another six months. The court again found that ICWA did not apply.

At the contested 12-month review hearing in December 2022, the court terminated reunification services for both parents and set a selection and implementation hearing under section 366.26. The court again found that ICWA did not apply.

At the selection and implementation hearing, the court terminated parental rights.

DISCUSSION

Mother argues that DPSS and the juvenile court failed to comply with their duties of initial inquiry pursuant to subdivisions (a), (b), and (c) of section 224.2. DPSS concedes that there were omissions in the initial inquiry and does not oppose a conditional reversal and remand for compliance with ICWA and related California law.

3

DPSS and the juvenile court have an "'affirmative and continuing duty to inquire' whether a child in a dependency proceeding 'is or may be an Indian child.'" (*In re Ricky R.* (2022) 82 Cal.App.5th 671, 678 (*Ricky R.*), quoting § 224.2, subd. (a).) "The duty to inquire consists of two phases—the duty of initial inquiry and the duty of further inquiry." (*Ibid.*)

"The duty of initial inquiry applies in every dependency proceeding." (*Ricky R.*, *supra*, 82 Cal.App.5th at p. 678.) DPSS's "duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child." (§ 224.2, subd. (a).) In addition, "[f]ederal regulations require state courts to ask each participant 'at the commencement' of a child custody proceeding 'whether the participant knows or has reason to know that the child is an Indian child.' (25 C.F.R. § 23.107(a) (2022).)" (*Ricky R.*, at pp. 678-679.) Similarly, "[s]tate law requires the court to pursue an inquiry '[a]t the first appearance in court of each party' by asking 'each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child.' (§ 224.2, subd. (c).)" (*Id.* at p. 679.)

We agree with the parties that the juvenile court failed to comply with its duty of initial inquiry. A maternal great-aunt, maternal uncle, and maternal cousin were present for the parents' first appearance in court, which was at the detention hearing in November 2021, but the court did not ask any of those relatives about Indian ancestry. Because those individuals were readily available and their responses would shed meaningful light

4

on whether the children were Indian children, the error was prejudicial.  (*Benjamin M.*, *supra*, 70 Cal.App.5th at p. 744.)

We therefore conditionally reverse the order terminating parental rights and remand for a proper ICWA inquiry.

## DISPOSITION

The order terminating parental rights to N.M.-H., R.M.-H., and G.M. is conditionally reversed.  On remand, the juvenile court shall comply with its duty of initial inquiry and order DPSS to comply with its duty of initial inquiry.  (§ 224.2, subds. (a)-(c).)  The court shall also order DPSS to comply with its duties of further inquiry and notice, if applicable.  (25 U.S.C. § 1912(a); §§ 224.3, 224.2, subd. (e).)  Once the court finds that all inquiry and notice duties have been discharged, if the court determines that ICWA does not apply, then the court shall reinstate the order terminating parental rights. If the court determines that ICWA applies, then it shall proceed in conformity with ICWA and related California law.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:


RAMIREZ
P. J.


FIELDS
J.

5